IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY BRONNER, | No. C 09-5001 SI |
|     Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS THE COMPLAINT AND GRANTING PLAINTIFF LEAVE TO AMEND** |
| v. | |
| SAN FRANCISCO SUPERIOR COURT, *et al.*, | |
|     Defendants. | |

Numerous defendants have moved to dismiss the complaint. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument. For the reasons set forth below, the Court GRANTS the motions to dismiss and GRANTS plaintiff leave to amend the complaint. If plaintiff wishes to amend the complaint, he must do so no later than **March 19, 2010**.

**BACKGROUND**

On October 20, 2009, plaintiff Ray Bronner filed this lawsuit against defendants San Francisco Superior Court, the City and County of San Francisco, and seven individual defendants: Patrick Helland, Richard Kaihara, Diane Kiesnowski, Charles Michael Collins, Jeff Lance, Hayman Brothers, Jim Sancious and Mari Owenz. This lawsuit arises out of two state court lawsuits involving some of the same parties. The first lawsuit, *Helland v. Bronner*, CGC08-624838, was an unlawful detainer action brought by Patrick Helland against plaintiff. Defendant Charles Michael Collins is a lawyer, and he represented Helland in the unlawful detainer action. The case went to trial in April 2008, and a jury found in favor of Helland and awarded Helland damages for rent due in the amount of $4,950.

Kaihara's Request for Judicial Notice, Ex. B.[1] Defendant Kaihara owns the property at issue in the unlawful detainer action.

The second lawsuit was filed by plaintiff against Helland and Kaihara, and alleged wrongful eviction and numerous housing code violations. *Bronner v. Kaihara et al.*, CGC08-472116. In May 2008, the court dismissed plaintiff's claims against Helland. Default was entered against defendant Kaihara. The default was then set aside, and on February 10, 2010, Kaihara filed a demurrer. According to the state court docket, a hearing on the demurrer is scheduled for March 22, 2010.

In this case, plaintiff alleges the following claims: (1) a violation of 42 U.S.C. § 1983 against the San Francisco Superior Court and the City and County of San Francisco and its individual agents and employees; (2) a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c)(d), against the individual defendants; (3) state law claims against the individual defendants for interference with contract, invasion of privacy, intentional misrepresentation, negligent misrepresentation, Cal. Bus. & Prof. Code § 17200, conspiracy to commit fraud, and negligence.

The complaint alleges that defendants Helland and Kaihara wrongfully evicted plaintiff in retaliation for complaints that plaintiff made about "systemic violations of federal and state rights at the subject property," Compl. ¶ 93; that Helland and Kaihara and the other individual defendants are engaged in a racketeering enterprise and they conspired to violate plaintiff's rights in various ways; that the Superior Court "routinely acts in derogation of the constitutional rights of indigents and other vulnerable litigants," *id*. ¶ 99, and unnamed judges of the Superior Court (identified in the complaint as "Judge A," "Judge B" and so forth) deprived plaintiff of due process during the unlawful detainer action; and that the City knew that the individual defendants "were engaging in illegal, improper, and criminal conduct to the detriment of plaintiff's constitutional rights" and yet refused to take action. *Id*. ¶ 179. The complaint also alleges that California's unlawful detainer laws are unconstitutional.

All defendants have filed motions to dismiss the complaint.

---

[1] The Court takes judicial notice of the pleadings in the state court actions involving plaintiff.

2

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Even though *pro se* pleadings should be construed liberally, they must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted). Dismissal of a *pro se* complaint without leave to amend is proper only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

**DISCUSSION**

**I.     Section 1983 claim against the San Francisco Superior Court**

Plaintiff's first cause of action alleges a claim under 42 U.S.C. § 1983 against the San Francisco Superior Court. The Superior Court moves to dismiss plaintiff's claim on the ground that the Eleventh Amendment bars suits against a state by its own citizens or by the citizens of another state. *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985); *Alabama v. Pugh*, 438 U.S. 781 (1978). Unless a state has waived its Eleventh Amendment immunity or Congress has overridden it, a state cannot be sued regardless of the relief sought. *See Kentucky v. Graham*, 473 U.S. 159 (1985) (citing *Alabama v. Pugh*, *supra*); *Confederated Tribes & Bands v. Locke*, 176 F.3d 467, 469 (9th Cir. 1999). In the Ninth Circuit, it is well-settled that superior courts are state agencies subject to Eleventh Amendment immunity. *See Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987). Accordingly, the Eleventh Amendment bars plaintiff's claim against the San Francisco Superior Court, and this claim is DISMISSED without leave to amend.[2]

**II.    Section 1983 claim against the City and County of San Francisco**

Plaintiff's second cause of action alleges a Section 1983 claim against the City and County of San Francisco. The complaint alleges that the City was the "public employer of individual employees and agents acting on its behalf who knew that certain RICO-Defendants were engaging in illegal, improper and criminal conduct to the detriment of Plaintiff's constitutional rights, yet the [City] through a policy and practice of refusing or neglecting to reasonably prevent said violations contributed to the deprivation of Plaintiff's rights under the First, Fifth, and Fourteenth Amendments." Compl. ¶ 179.

The City and County of San Francisco contends that the allegations are conclusory and that the complaint does not identify the alleged "illegal, improper or criminal conduct" of the RICO defendants of which City employees were allegedly aware. The City also contends that the complaint does not

---

[2] Moreover, to the extent plaintiff's claim against the Superior Court alleges that the unlawful detainer proceedings were unfair and the court reached the wrong result, those claims would be barred by the *Rooker-Feldman* doctrine. *See generally Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). The proper avenue for pursuing such claims is through the state appellate process, and to the extent those claims are constitutional, the United States Supreme Court.

4

identify or specify what alleged City policy, custom or practice violated his rights, nor does the complaint allege how plaintiff's rights were violated.

Plaintiff's opposition frames his claim against the City as follows: "It is alleged that the City was deliberately indifferent to training its officers where housing issues are implicated (or merely referenced); that the City has a policy of allowing First, Fifth, and Fourteenth Amendment rights, among others, to be harmed with knowledge that nothing can be done about it in summary eviction proceedings; that the City covers up overt discrimination prohibited by the Fourteenth Amendment within its ranks as a matter of custom/policy; and that the City is deliberating indifferent in failing to take action to prevent the constitutional violations suffered by Plaintiff, and others." Opposition to City's Motion to Dismiss at 5:3-9.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978), announced the following standard governing the liability of a municipality under § 1983:

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible for under § 1983.

*Id.* at 694. "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may be fairly said to be those of the municipality." *Bd. of the Cty. Commn's v. Brown*, 520 U.S. 397, 403-04 (1996) (quoting *Monell*). "There is no respondeat superior liability under section 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

If plaintiff wishes to allege a claim against the City and County of San Francisco, plaintiff must specifically identify the "policy" or "custom" he is challenging, and specifically allege how that policy or custom deprived him of his constitutional rights. General allegations that the City has a policy of not intervening in landlord tenant disputes and/or failing to enforce housing codes or criminal laws is insufficient to state a claim. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private

citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *see also Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981) (citing *Linda R.S.* and dismissing a § 1983 claim challenging a state's failure to issue arrest warrants because there was a "questionable nexus" between the alleged harm and the remedy sought). In order to state a *Monell* claim against the City, plaintiff must articulate why the policy is unconstitutional or discriminatory, and how this policy injured *plaintiff*. Plaintiff's complaint and opposition papers are replete with references to another lawsuit filed by other tenants against defendant Kaihara. Plaintiff cannot predicate his claims against defendants based on lawsuits involving other people, or injuries allegedly suffered by others. As the City notes, the complaint does not allege that plaintiff requested any enforcement action by the City with respect to alleged hazards at his residence, or that plaintiff was evicted because the City did not remedy any alleged hazards.

Accordingly, the Court GRANTS the City's motion to dismiss this claim, and GRANTS plaintiff leave to amend.

## IV. RICO

Plaintiff's third and fourth claims allege violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq*. The complaint alleges that "the RICO-Defendants had the common purpose of deriving profits by violating housing and narcotics laws, tax and money laundering laws, various other state and federal statutes, and by causing violations to the state, federal and Constitutional rights of Plaintiff and other individuals in continuation of the activities of the enterprise and in furtherance of an illegal scheme." Compl. ¶ 186.

The "RICO defendants" are all of the individual defendants, and they have all moved to dismiss the RICO claims on numerous grounds. Defendants contend the RICO claims should be dismissed because none of defendants' alleged conduct had an effect on interstate commerce. 18 U.S.C. § 1962(c) requires that any conduct by a RICO enterprise have an effect on interstate or foreign commerce. The complaint and plaintiff's opposition claims that defendants' conduct impacted interstate commerce by "forcing Plaintiff to divert his time, energy, money, productivity and attention to safeguarding witnesses to the detriment of business activities that are interstate in nature." Opposition to RICO Defendants'

6

Motions at 4:16-18. These vague and conclusory allegations do not show that any of defendants' conduct impacted interstate commerce. If plaintiff chooses to amend the RICO claims, he must specifically allege how defendants' conduct impacted interstate or foreign commerce.

Defendants also contend that the complaint fails to adequately plead the elements of a RICO claim. The elements of a civil RICO claim are as follows: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property.'" *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996) (citing 18 U.S.C. §§ 1964(c), 1962(c)). The complaint alleges that the predicate acts of racketeering activity include mail fraud, wire fraud, Hobbs Act violations, and felony bribery.

The Court agrees that the complaint does not adequately allege the elements of a RICO claim. The complaint does not specify what the RICO defendants did, how they conducted an enterprise of racketeering activity, and how that conduct injured plaintiff's business or property. Instead, the complaint repeatedly and conclusorily alleges that defendants were part of an "illegal scheme," that various defendants made fradulent and threatening statements to plaintiff, and that some defendants allegedly tampered with plaintiff's mail. As to all alleged predicate acts that sound in fraud, plaintiff fails to meet the heightened pleading requirements in specifically alleging the time and place of the misrepresentation, manner of misrepresentation, and parties to the misrepresentation. *See* Fed. R. Civ. P. 9(b); *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (plaintiff "must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation") (internal quotation marks omitted).

In addition, the Court finds that plaintiff's complaint is similar to the complaint at issue in *Pelletier v. Zweifel*, 921 F.2d 1465, 1518-19 (11th Cir. 1991), in which the Eleventh Circuit affirmed the district courts dismissal of a RICO claim because it was brought to harass the defendant and constituted "shotgun" pleadings that made it extremely difficult for the court and opposing parties to identify the facts that would give rise to a cognizable claim. *Id.* at 1518 (noting that defendant and "the district court had to sift through the facts presented and decide for themselves which were material to the particular cause of action asserted, a difficult and laborious task indeed"). Plaintiff alleges that defendants are part of a criminal conspiracy, but makes only conclusory allegations lacking factual

7

support. He sets forth a redundant narrative of allegations and conclusions of law, but makes no attempt to allege what facts are material to his claims under the RICO statute, or which facts are used to support what claims under particular subsections of RICO. For these reasons, the Court finds that plaintiff's complaint fails to meet the Rule 9 particularity requirement for averments of fraud, and also fails to meet the Rule 8 requirement of a short and plain statement that puts forth the grounds for relief and provides defendants with notice of the claims against them. These defects require dismissal of plaintiff's RICO claim with leave to amend.

**V.     State claims**

Plaintiff has also alleged numerous state law claims. The Court does not address the sufficiency of these claims because if plaintiff cannot state a federal claim, there is no jurisdiction over the state claims.

**CONCLUSION**

For the foregoing reasons, plaintiff's claim against defendant San Francisco Superior Court is DISMISSED without leave to amend, and plaintiff's § 1983 and RICO claims against the other defendants are DISMISSED with leave to amend. (Docket Nos. 20, 24, 28, 29, 31, 33, 37). If plaintiff wishes to file an amended complaint, he must do so no later than **March 19, 2010**.

**IT IS SO ORDERED.**

Dated: March 8, 2010

/s/ Susan Illston
SUSAN ILLSTON
United States District Judge